JOSEPH EGAN, TRADING AS C. EGAN & SONS, RESPONDENT, v. CITY OF GARFIELD, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN, STATE OF NEW JERSEY, APPELLANT, AND JULIUS E. KRAMER, INTERVENING TAXPAYER, APPELLANT.

Argued October 16, 1946—Decided January 17, 1947.

For the appellant, *John Frank, Jr.,* and *Ralph W. Chandless.*

For the respondent, *Abraham M. Herman.*

The opinion of the court was delivered by

PARKER, J. The contract involved in this suit was considered by the court less than a year ago in a former action. *Egan* v. *Garfield,* 133 *N. J. L.* 577; 45 *Atl. Rep.* (2d) 611. The claim in that suit was two-fold: (a) for five months' service by plaintiff in collecting garbage and removing it to the dumping ground furnished by plaintiff: and (b) after plaintiff, pursuant to notice, had terminated the removal feature of the contract, $200 per month for the privilege granted to the City by the contract of using the dump until expiration of the contract by limitation or notice. As noted in our previous opinion the trial court dismissed claim (b) without prejudice, and it is that claim which is the basis of the present action..

We are unable to perceive any substantial basis for the present appeal. The complaint in the instant suit is in the same form as in the previous one, but the answer contains additional defenses, which are (1) that the contract sued upon was illegal and *ultra vires,* (2) that plaintiffs had failed to file a surety bond for performances, and (3) that the contract was breached by the assignment thereof.

There was a motion to strike the answer and a further motion by a taxpayer to be permitted to intervene. The first was granted, the latter denied.

. We consider that the action of the trial court in this case is clearly sustainable on the theory that the decision in, the prior suit is *res judicata* of the issue raised here. This present suit deals with the same subject-matter that was dealt with in the previous one, and although the same defenses were not interposed there, the well settled rule is that "A pleadable defense that could have been urged but is omitted in a suit between parties is barred by the decree in that suit against use on the same subject-matter in a subsequent litigation between the parties." *Misuriello* v. *Daly,* 125 *N. J. L.* 412.

Appellants assert that the doctrine of *res judicata,* being based on the theory of estoppel, cannot be invoked against a municipal corporation. There is no substance to this. *Black on Judgments* (*2d ed.*) § 534 *A* says "It has never been successfully contended that the United States would not be subject, like an ordinary suitor, to the principle of *res judicata* when it voluntarily goes into court as a litigant. The rule is the same as to a State * * *. A municipal corporation is not in any sense a sovereign, and such corporation is fully bound by a judgment against it in any suit to which it is a party, as a private person would be." Cases are cited. To the same effect is *Freeman on Judgments* (*5th ed.*), *p.* 1086, § 506, also citing many cases.

The action of the court below in denying the taxpayer's motion to intervene shows no abuse of the discretionary power that the statute *R. S.* 2:27–33 itself confers.

There appears to be nothing to the point that the contract had been terminated by the assignment. At the time of the assignment the contract had already been terminated.

The answer was properly struck out. The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.